**SHIU XIANG WENG, a/k/a Shui Xian Weng, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–4426–ag.

United States Court of Appeals, Second Circuit.

June 13, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

**50**

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Shelly R. Goad, Senior Litigation Counsel; Dalin R. Holyoak, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Shiu Xiang Weng, a.k.a. Shui Xian Weng, a native and citizen of the People's Republic of China, seeks review of the September 26, 2007 order of the BIA denying her motion to reopen and request to file a successive asylum application. *In re Shiu Xiang Weng*, No. A78 144 055 (B.I.A. Sep. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir.2006); *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence. This is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." (citation omitted)).

We find that the BIA did not abuse its discretion in denying Weng's motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly found that Weng's motion to reopen did not demonstrate changed country conditions sufficient to meet an exception to the applicable limits on such motions. *See id.* It is well settled that the birth of children in this country is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (per curiam); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir.2006) ("[I]t would be ironic, indeed, if petitioners like Wang, who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid deportation is not

tolerated by the existing regulatory scheme.").

Furthermore, the BIA did not abuse its discretion in concluding that Weng failed to provide sufficient evidence to support her allegation that conditions in China have materially changed.[2] We have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no abuse of discretion in its conclusion that such evidence was insufficient to establish changed conditions in China. *See, e.g., Wei Guang Wang*, 437 F.3d at 275 (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

In addition, we find that the BIA did not abuse its discretion in concluding that Weng provided insufficient evidence to demonstrate her *prima facie* eligibility for relief. *Cf. Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (per curiam) (holding that "[i]n the absence of solid support in the record" for an applicant's assertion that she would be persecuted, the BIA did not err in denying asylum because her fear was "speculative at best"). As such, we decline to address Weng's attempt to file a "successive" asylum application because, even assuming *arguendo* that Weng could file a successive application, her failure to establish *prima facie* eligibility for asylum would render remand futile. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir.2005) (holding that to prevail on a motion to reopen "the movant must also establish *prima facie* eligibility for asylum, *i.e.,* 'a realistic chance' that [s]he will be able to establish eligibility"); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir.2006) (holding that "an error does not require a remand if the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error")

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).

---

**2.** In contrast to *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006), there is no indication that the BIA failed to consider the documents Weng submitted in support of her

motion to reopen. Indeed, it engaged in a detailed analysis of Weng's evidence.

